## BENJAMIN FELTON *vs.* FRANCIS A. BROOKS.

The owner of an estate insured by a mutual fire insurance company mortgaged the
estate, and, at the same time, with the assent of the insurers, transferred the pol-
icy of insurance to the mortgagee by an assignment, which was absolute in terms
and expressed to be for a valuable consideration, but intended only as a security
for the mortgage debt; and the mortgagee afterwards assigned the mortgage, and
the debt thereby secured, together with the policy of insurance, by an absolute
assignment, assented to by the insurers, and for a valuable consideration, paid by
the assignee. The debt secured by the mortgage having been subsequently paid
in full to the assignee, by an assignee of the mortgagor, and the mortgage there-
upon discharged; and the assignee of the mortgagee, after the expiration of the
policy, having received the return premium thereon; it was held, that although
such assignee might receive the same as attorney of the mortgagor, he could not
retain it against the mortgagor, to whom he was liable therefor in an action of
assumpsit.

THIS was an action of assumpsit, to recover the sum of $24·30, received by the defendant's testator, Aaron Brooks, of the Worcester Mutual Fire Insurance Company, as a return of premium on a policy of insurance which had previously been assigned to him by an assignee of the plaintiff. The case was submitted to the court upon an agreed statement of facts.

The plaintiff, having insured his house and other buildings at the office of the company above mentioned for the term of seven years from the 1st of September, 1835, by a policy bearing date August 28th, 1835, mortgaged the premises to one Daniel Bacon, and on the same 28th day of August, with the assent of the insurance company, transferred the policy of insurance to him, by an assignment indorsed on the policy in the following form: " For value received of Daniel Bacon I hereby transfer and assign to him the policy of insurance within written, with all the privileges and benefits secured to me thereby." This assignment, though absolute in its terms, was intended only as security for the debt due to Bacon on his mortgage.

On the 8th of July, 1836, Bacon, the mortgagee, sold and assigned the mortgage and debt thereby secured to the defendant's testator; and, at the same time, and as a part of the same transaction, transferred the policy to him, by an assignment similar in form to the assignment from the plaintiff to him. The consideration of the assignment from Bacon to Brooks, paid by the latter, was the amount of the mortgage debt. The assignee was not informed that any one besides Bacon had any interest in the policy of insurance ; nor did he promise to account to any one therefor, unless the law implies such a promise from the facts stated.

On the 20th of September, 1842, the policy having expired, Brooks, the testator, received of the insurance company the sum of $24·30, as a return of premium thereon. The plaintiff, on the 1st of January, 1843, made a demand on the testator for the money thus received by him. The testator refused to pay the same, denying the plaintiff's right thereto, and saying that he must look to Bacon for it.

On the 18th of February, 1836, the plaintiff conveyed his estate to Abel Rice, subject to the mortgage above mentioned, and took a bond from Rice to discharge the mortgage debt. No transfer of any right under the policy was made by the plaintiff to Rice, unless such was the effect of this conveyance. Rice paid the debt, and the mortgage was discharged. No claim has been made by him to the money in controversy.

By the 10th article of the by-laws of the insurance company, it is provided, that " The alienation in any way of any property insured by this company shall *ipso facto* make void the policy, unless notice of the alienation is given to the secretary, and an assignment made of the policy to the new owner of the property within sixty days after the alienation."

The 12th article provides, that " Any person selling his building may surrender his policy, and receive back his deposit note, but the premium shall not be returned until the policy expires, when the same rate shall be repaid as on other policies expiring at that time."

*W. A. Bryant*, for the plaintiff.

*F. A. Brooks*, for himself, submitted an argument in writing.

Shaw, C. J. The determination of this case, it appears to us, depends on a few plain principles of law. The plaintiff, owning an insurable estate, obtained a policy against fire, at a mutual office, and according to its rules paid a premium, and gave a deposit, which would be returnable to him, if not required to pay losses to others, at the determination of the risk. He subsequently made a mortgage to Bacon of the same estate, and for further security assigned the policy to him. Bacon afterwards assigned the mortgage to Brooks, and at the same time assigned the policy, with the assent of the insurance company, to Brooks. The mortgage debt was subsequently paid in full to Brooks, by Rice, in pursuance of a contract made with Rice by the plaintiff for that purpose. The plaintiff sold the estate to Rice, without transferring to him any interest in the policy, under an agreement that he, Rice, would pay off the outstanding mortgage.

From this view of the facts, it is quite clear, that both the

mortgage and the policy were collateral securities for the debt, first to Bacon, and afterwards to Brooks. The plaintiff was debtor to Brooks, on his note; this was the principal· the mortgage and policy were collateral securities to him, from the plaintiff, through the assignment of Bacon. Suppose such collateral securities consist in goods, or negotiable notes; they are held in trust, first, to apply any fruits or proceeds of them towards the payment of the debt; and secondly, if the debt is paid in full from other funds, to restore the property, or any fruits or proceeds thereof, which may have been received, to the pledgor. In the present case, Brooks received the whole of his mortgage debt of Rice, from a fund provided by the plaintiff, and the rights of the plaintiff are the same as if he had paid the whole of the mortgage debt of the plaintiff in money. The conclusion seems inevitable, that the money received by Brooks on the policy, as a return of the premium, was received by him to the use of the plaintiff; and not having applied it, or had occasion to apply it, to the payment of the plaintiff's debt, he is bound in good conscience to pay it to the plaintiff; and the law implies a promise to do so ; and this is a sufficient privity in law.

It appears, from the facts agreed and a comparison of dates, that the sum received by Brooks was received after he had been paid his mortgage debt in full; it is clear, therefore, that he received it on a security which ought to have been surrendered to the plaintiff, and, of course, to his use. But if he had received it before, his failure to apply it towards the mortgage debt, and receiving the whole from Rice, who, as between him and the plaintiff, was bound to pay the whole as part of his purchase money, is ample proof that Brooks held the return premium to the plaintiff's use, and had no right, as he insisted, to take it to his own use.

The case has been elaborately argued for the defendant; but we think the argument proceeds on the unwarranted assumption, that Brooks took the policy under an absolute transfer to his own use, when the whole transaction shows that he took it collateral to the plaintiff's debt, and the plaintiff's relations to it were manifest upon the documents themselves

The other ground, that by the transfer to Rice, the policy became void, is, we think, equally fallacious. The fallacy is shown by the conduct of Brooks himself, who, long after the alienation by the sale to Rice, went to the office, and, by force of the policy and his assignment, received the return premium, which is the subject of this suit, which clearly he could not do, if the policy was void.

It may be that after the alienation of the estate to Rice, without a transfer of the policy to him, the policy was so far void, that no person had any longer an insurable interest in the premises, and therefore no loss could be recovered in case of fire. But the same by-laws which provide (Art. 10), that in such case the policy shall be void, provide also (Art. 12), that any person selling his building may surrender his policy, and receive back his deposit note; but that the premium shall not be returned until the policy expires, when the same rate shall be repaid, as upon other policies expiring at the same time. In this case, the policy was made for seven years from the 1st of September, 1835, and expired on the 1st of September, 1842; and within that month, Brooks demanded and received the return premium in question, showing that neither party considered the policy void in the sense now insisted on. No interest in the policy passed to Rice by the conveyance of the land; the right to a return of the premium was a personal right, remaining with the plaintiff, after he had parted with the estate, depending upon the contract of the company with him; and though the assignment to Brooks gave him a sufficient power to receive the return premium as the plaintiff's attorney, having obtained payment of his mortgage, he received it to the use of the ben eficial owner. *Judgment for the plaintiff.*